(No. 39789.— <span style="background:black">     </span>

The People of the State of Illinois, Appellee, *vs.* Fred Boney, Appellant.

*Opinion filed September 29, 1967.*

Ward, J., took no part.

John F. O'Meara, of Chicago, appointed by the court, for appellant.

24

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CARL M. WALSH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

We earlier (*People* v. *Boney*, 28 Ill.2d 505) affirmed defendant Fred Boney's conviction of rape and armed robbery. He thereafter filed in the Cook County circuit court a *pro se* petition for relief under the Post-Conviction Hearing Act, accompanied by a transcript of the original proceedings. The State's motion to dismiss this petition was allowed, the trial court believing it insufficient to present any constitutional question, and we are now concerned with defendant's appeal from that dismissal.

Two contentions are here urged. The first is that the State suppressed evidence at his trial, and that such suppression constituted a denial of due process. At defendant's trial, the victim of the rape testified that, on the afternoon following the crimes, she and her husband decided "that we would go to Michigan for a few days and I wanted to see a doctor * * *." She said she did not go to any hospital or doctor in Chicago that day, and, when she attempted to expand on this statement, defendant's private counsel objected on the ground that no question was pending. The prosecutor then posed an unrelated question and no further reference to any medical examination was made by the State or defense counsel. Based upon this testimony defendant apparently assumes that the complaining witness had in fact been examined by a doctor, that such examination disclosed no evidence of rape, and that this was known to the prosecution at the time of trial and deliberately withheld.

It is of course well established in this State that medical testimony is not required to prove a rape, and this is true

even when it is established that the victim went to a hospital after the crime occurred. (*People* v. *Edmunds,* 30 Ill.2d 538, 542; *People* v. *Thomas,* 18 Ill.2d 439, 444.) More significantly however, and contrary to defendant's assertions, there is nothing in the record herein to show that the victim was ever examined by any doctor following the alleged rape. It is possible that she might have testified that she saw a doctor in Michigan had she been allowed to expand on her statement that she did not visit a doctor or hospital in Chicago on the day of the alleged rape, but it was defendant's privately retained counsel who objected thereto and chose not to inquire into the subject on cross-examination. Defendant cannot now expect a retrial on the unsupported assumption that pursuit of that which he originally chose not to pursue would have been fruitful. Nor, assuming the victim was actually examined by a Michigan physician, is there any indication in this record that a report of such examination was available to the State. Nor is it readily apparent that a medical examination, which defendant asserts was made two days after the alleged rape was committed, could establish that the victim had not been raped. We conclude that defendant has not alleged any facts which entitle him to a hearing on his petition for post-conviction relief. *People* v. *Agnello,* 35 Ill.2d 611; *People* v. *Williams,* 36 Ill.2d 194; *People* v. *Ashley,* 34 Ill.2d 402, 410-11.

Defendant's second contention stems from the decisions of the United States Supreme Court in *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, and *Gilbert* v. *California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, in which that court held in-court identification of a defendant impermissible when it is found to have resulted from a post-indictment lineup conducted in the absence of and without notice to counsel. In the footnotes to its opinion, (35 L.W. at 4601) the court cited our earlier *Boney* opinion in giving examples of questionable lineup techniques employed by

police. In *Boney,* we acknowledged this problem (28 Ill.2d 508), but we found that no prejudicial error had there occurred. Recognizing that in *Stovall* v. *Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, the Supreme Court held that Wade is not to be applied retroactively, the defendant now argues that he is experiencing the "horrible * * * procedural misfortune" of having been convicted under circumstances no longer permissible, and that we should therefore reverse the circuit court's dismissal of his petition. However, defendant's position is no different from that of a great many other convicted criminals who might not have been convicted had some newly announced constitutional right, which has been made prospective in its application, been in effect at the time of their trials.

The judgment of the circuit court of Cook County is affirmed.                                    *Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.