**People of the State of Illinois, Plaintiff-Appellee, v. William R. Flynn, Defendant-Appellant.**

**Gen. No. 10,895.**

Fourth District.

December 6, 1967.

Robert S. Cohen, of Giffin, Winning, Lindner & Newkirk, of Springfield, for appellant.

Charles J. Ryan, State's Attorney of Morgan County, of Jacksonville, for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

The defendant appeals his conviction, in a jury trial, for the offense of robbery. A sentence of not less than two nor more than ten years was imposed. It is the defendant's assertion in this court that the State failed to prove his guilt beyond a reasonable doubt, that the trial court committed reversible error by its refusal to give certain instructions, and finally that the sentence is too severe considering the prior criminal record of the defendant and the facts of this offense.

At the trial, one Richard Cruzan, the victim of a robbery, identified the defendant as the perpetrator of the offense in consort with a companion. The story related by the victim indicates that he entered a restaurant or diner in Meredosia, Illinois, at 10 a. m. on April 21, 1966. Alberta Cochrane, a waitress, served the defendant. At the time the victim was present in the restaurant, the defendant and another man were present. The victim, in the course of a conversation with the waitress, stated his intentions with reference to checking in a cottage at a beach and outlined his proposed morning activities with reference to certain stops he was then to make. The victim was then engaged in the business of selling insurance.

The testimony further indicates that the defendant and his companion left the restaurant at approximately the same time as the victim, around 10:20 a. m. Cruzan followed the itinerary discussed at the restaurant, went to call on a client, and then reentered his car and drove north toward an area called "Sunset Beach." In the course of his travels, he came upon a car stopped in the middle of the road. Cruzan stopped his car, got out and walked toward a man standing next to the apparently stalled or disabled vehicle. As he reached the car, Cruzan was grabbed from behind and beaten about the head with a weapon he described as a sock filled with some hard object. The beating caused his loss of consciousness.

When he regained consciousness, some $350 that he had on his person was missing.

The victim identified the defendant as one of his assailants and described the automobile that he had observed on the road and an object he observed in the car.

Mrs. Cochrane's testimony corroborated that of the victim insofar as it related to the activities in and about the restaurant.

The defendant sought to establish an alibi. One witness, a banker, testified that the defendant arranged for and made a loan on the day preceding the robbery in the amount of $100 for the purpose of purchasing an automobile. Other witnesses called by the defendant testified as to their activities on the date of the robbery, their association with the defendant on that date in connection with title transfer or motor-vehicle license-plate transfer in Springfield and the route traveled to and from Springfield, and this testimony, if believed, would so locate the defendant as of the time of the robbery to make it physically impossible for him to have been at the scene of the offense.

■ It is, of course, well established that an alibi need *not be shown beyond a reasonable doubt* and that the defendant is entitled to acquittal if all of the evidence, including that on the issue of alibi, raises a reasonable doubt as to guilt. As stated in ILP, Criminal Law § 469, at 55–56:

> "There are several decisions to the effect that evidence fairly tending to establish an alibi 'can not be disregarded' where the only contradicting evidence rests upon the identity of the accused as the person who committed the crime charged. However, a study of these decisions and of those plainly holding that identification evidence may support a conviction notwithstanding the defense of alibi, leads to the conviction that a case wherein the defense of alibi is

raised must be judged on the whole evidence and if there is a reasonable doubt of guilt because of uncertainty in identification the evidence is insufficient, but if the identification testimony is free from doubt it may overcome alibi testimony. The number of witnesses on either side is not of controlling importance, and the fact that alibi testimony is given by interested persons may affect the weight of such testimony, but does not require that it be completely discredited." (Citations omitted.)

 In this case, the identification testimony is positive. The question then becomes one not of the number of witnesses who testified either for the prosecution or the defense, but rather, a question of credibility. People v. Setzke, 22 Ill2d 582, 177 NE2d 168 (1961). Judgment as to the credibility of witnesses is for the trier of fact. We cannot say from our examination of this record that the defense of alibi was so conclusive as to raise a reasonable doubt warranting this court to reverse the conviction.

 The defendant offered and the trial court refused the following instruction:

"The jury is instructed that it is incumbent upon the prosecution to prove every material allegation of the indictment as therein charged. Nothing is to be presumed or taken by implication against the defendant. The law presumes him innocent of the crime with which he is charged until he is proven guilty by competent evidence; and if the evidence in this case leaves upon the minds of the jury any reasonable doubt of the defendant's guilt, the law makes it your duty to acquit him."

The instruction was refused not because it was an incorrect statement of the law but because the matters sought to be covered by the instruction were covered by

other instructions. Our examination of all of the instructions given establishes that that which was sought to be covered by the refused instruction was, in fact, covered by the given instructions. Under such circumstances, it was not error to refuse the offered instruction.

The final contention is that the sentence is excessive. In this case, the trial court had the benefit of evidence heard on the substantive offense, a competency proceeding and a motion to suppress. The defendant had received psychological testing and such information as was obtained was fully explored in the proceedings in court. The defendant was classed as a severe mental defective. The defendant's prior criminal record indicates freedom from prior felony conviction.

■ A request for probation was made, a probation report was obtained and a thorough examination was made by the court relative to the desirability of probation in this case, considering the offense and the prospects of treatment while incarcerated as distinct from supervision on probation. The defendant's family history and associations were explored. His training for employment and his present living circumstances were explored. Ultimately, the court denied probation and imposed the sentence of not less than two nor more than ten years. The court computed the time that the defendant had been in custody and correctly observed that the defendant would get credit for that time.

The sentence imposed was explored as to parole eligibility and the desirability for ultimate supervision before a complete return to society.

■ We find no deficiency in this record of matters to be considered on imposing sentence nor any reason to interfere with the sentence. That which should be considered was considered. The court had full knowledge of the defendant and his background, as much so as could possibly be obtained even with presentence diagnostic

333

studies. See People v. Harden, 78 Ill App2d 431, 222 NE2d 693 (4th Dist 1967) ; People v. Nelson, 87 Ill App2d 199, 231 NE2d 115 (4th Dist 1967) ; People v. Tice, 89 Ill App 2d 313, 231 NE2d 607 (4th Dist 1967). For the above and foregoing reasons, the judgment of the circuit court of Morgan County is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.