**People of the State of Illinois, Plaintiff-Appellee, v. Edward Anthony, Defendant-Appellant.**

**Gen. No. 52,902.**

First District, Fourth Division.

November 19, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John R. McClory, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

Defendant was charged with unlawful possession of a narcotic drug. He waived trial by jury, was found guilty and sentenced to serve not less than five nor more than six years. He appeals and presents for review the issues: (a) whether the trial court should have accepted his jury waiver; (b) whether the State proved him guilty beyond a reasonable doubt.

When defendant was brought to trial, his counsel addressed the court:

"Mr. Sheppard: May I have a jury waiver, Mr. Clerk?

"May it please the Court, there stands before Your Honor the defendant, Edward Anthony. For the record, my name is Albert M. Sheppard, and my appearance has been on file for this defendant. We wish to advise the Court that we are ready for trial.

"We wish to waive the right to trial by jury and to submit this matter for trial both on the law and the facts to Your Honor for judgment.

"May I put a question to my client, Your Honor?

"Mr. Anthony, you have been advised as to your constitutional right to a trial by jury. You have told me that you want the case tried by His Honor, is that correct?

"The Defendant: Correct.

"Mr. Sheppard: All right, I hand you hereby a jury waiver and I ask you to sign the same.

"Ready for trial.

"Plea of not guilty.

"Mr. Moran: (Assistant State's Attorney) You have admonished your client of his right to a jury trial, et cetera?

"Mr. Sheppard: I have so admonished him.

"The Court: Proceed.

"Mr. Sheppard: Thank you."

From this colloquy, defendant contends that the trial court should not have accepted his jury waiver. Defendant argues that this case is controlled by People v. Bell, 104 Ill App2d 479, 244 NE2d 321 and People v. Turner, 80 Ill App2d 146, 225 NE2d 65.

█ █ In every case where it is claimed that a constitutional right has been waived, the inquiry is whether the record affirmatively shows the waiver was knowingly and intelligently made. See Johnson v. Zerbst, 304 US 458, 82 L Ed 1461, 58 S Ct 1019 (1938); Boykin v. Alabama, 395 US 238, 23 L Ed2d 274, 89 S Ct 1709 (1969). The record before us affirmatively shows that defendant, questioned by counsel of his own choice, understandingly and knowingly waived his right to trial by jury. Bell and Turner have no application to this case. People v. Spencer, 115 Ill App2d 398, 253 NE2d 672.

According to the State's evidence, on March 29, 1967, at about 3:55 p. m., four policemen on a narcotics investigation went to a two-story, four-apartment building in the City of Chicago. One officer stationed himself in an areaway from which he could see the side and back windows of the second floor rear apartment. The other three officers went into the building. Two or three minutes later, the officer outside saw a man he later said was defendant come to the apartment window, lean out, and toss a tinfoil package to the ground. The officer recovered the package; it contained white powder. He went into the apartment and found defendant, Leroy and

Azelene Carter who owned the apartment, Ruben Atterbury, and another man named Clyde Stinette. The officer placed defendant under arrest, went to a window in the back and found it open. He looked out and saw the spot where he originally stood in the areaway. The package was later inventoried, and examined. It contained heroin.

Defendant's second issue questions whether the State's evidence proved beyond a reasonable doubt that he was guilty of unlawful possession of a narcotic drug. Defendant argues that the testimony of the State's two witnesses, one the officer who found the tinfoil package, does not support the trial court's finding of guilty. Defendant points to discrepancies in the testimony of the officer who stood in the areaway. Defendant claims that the testimony of this officer as a whole was unreliable.

The police officer who found the tinfoil package in the areaway admitted that when he entered the apartment he arrested Ruben Atterbury, one of the men he found inside, and charged Atterbury with possession of marijuana. According to defendant's argument, the officer gave the appearance of being confused when he testified. A fellow officer also testified. The two officers contradicted defendant's testimony when he said that the officer who claimed he found the tinfoil package in the areaway came into the apartment, left with another policeman, and then returned with the package. Defendant testified and explained his presence in the Carter apartment by saying that he was there to collect some money owed him. He said he was a truck driver whose vehicle was parked across the street. In other words, the two policemen and the defendant testified. The trial judge heard them, observed them, saw their demeanor, and gave such weight to their testimony as he thought proper.

Possession is a voluntary act. See c 38, § 4–2, Ill Rev Stats (1965). Whether defendant committed

the act described by the officer, whether he was the person who threw the tinfoil package to the ground, were questions of fact. If the State's two witnesses were believed, there was sufficient evidence to support defendant's conviction. The trial judge as trier of the facts was peculiarly suited to determine the truthfulness of each witness, and the weight to be given his testimony. A reviewing court will not substitute its views of the evidence for that of the trial judge, unless the proof is so unsatisfactory as to raise a reasonable doubt of guilt. People v. Boney, 28 Ill2d 505, 192 NE2d 920; People v. Scott, 38 Ill2d 302, 231 NE2d 441; People v. James, 109 Ill App2d 328, 248 NE2d 777. Our review of the record affords no basis for doubt of defendant's guilt in this case. The judgment is affirmed.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.