People of the State of Illinois, Plaintiff-Appellee, v.
Tyrone Armstrong, Defendant-Appellant.

Gen. No. 53,925.

First District, Fourth Division.
July 22, 1970.

Richard J. Cochran, Tenney, Bentley, Howell, Askow & Lewis, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael J. Goldstein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This appeal is to review a judgment that convicted defendant of rape. He waived trial by jury. The court, after overruling oral post-trial motions, sentenced him to serve eight to twenty years. Although defendant ar-

gues five contentions for reversal, the disposition we make of this appeal requires discussion only of two: (1) the evidence did not prove him guilty beyond a reasonable doubt; and (2) the trial court committed prejudicial error in allowing a child to appear as a prosecution witness without prior judicial determination that the child was competent to testify. The first contention requires a reference to the facts.

On January 5, 1967, at about 11:00 or 11:30 p. m., the complaining witness, a mature woman, mother of three children then aged twelve, seven and two years, respectively, was at home in Chicago, with her husband and her children. Defendant, then seventeen years of age, with three other youths of about the same age, came to the home. According to the woman and her husband, defendant had a gun. Some shots were fired from a back porch. The youths "wanted to know how they could get rid of the gun." A short time later the husband with one of the youths left the house and went to a nearby store. He was gone approximately fifteen minutes. When he returned, "[m]y wife was lying on the bed, her clothes tore, panties tore off her, hollering and screaming hysterically, and she was hollering 'Oh, they raped me, they raped me, they raped me. Oh, they raped me' (sic)." The police were called. The complaining witness was taken to a hospital. Defendant was arrested a short time thereafter.

At the trial, the complaining witness, her husband, the seven-year-old daughter and two police officers were witnesses for the prosecution. Defendant and one of the three youths gave evidence for the defense. The complaining witness testified that after her husband left for the store, defendant and the other defense witness took turns raping her. One or the other held a gun to the head of the seven and a half-year-old daughter while they compelled the complaining witness to have inter-

379

course. Her husband described the condition in which he found his wife when he returned home. The seven and a half-year-old daughter testified that while her father was away, defendant put a gun to her mother's head and "[h]e got on top of my mother, . . . ." The two police officers testified to their interview with the complaining witness and defendant's arrest. No medical testimony or evidence was offered.

Defendant and the other youth testified that they went to the complaining witness' home to have sexual intercourse with her. Both claimed they had done this on several occasions prior to January 5, 1967. Both said it was the complaining witness who made suggestions by which her husband was induced to leave the home. The complaining witness, in rebuttal, denied she ever had sexual intercourse with the two youths. After hearing the evidence, the trial judge found defendant guilty of rape. Defendant contends that the evidence did not prove him guilty beyond a reasonable doubt.

 Few contentions are as common in criminal appeals as the one defendant urges in this case. Because of this fact, we have had many occasions to say that in a bench trial, conflicts in the testimony of witnesses are to be resolved by the trial judge. People v. Pierre, 114 Ill App2d 283, 252 NE2d 706. We have also said that questions concerning credibility of witnesses is for the trial judge, who is in a better position to decide the weight to be given the testimony of a witness. For these reasons, we will not interfere with the trial court determinations on these points.

 It is settled in our law that to sustain a conviction for rape, the testimony of the prosecutrix must either be clear and convincing in the light of all the evidence, or be corroborated by other facts and circumstances. People v. Jackson, 103 Ill App2d 209, 220, 243 NE2d 551. Whether the case made at trial met this

test was for the trial judge to decide in the first instance. As a reviewing court we will not substitute our view of the evidence for that of the trial judge unless the proof is so unsatisfactory that we can say it raises a reasonable doubt. People v. Boney, 28 Ill2d 505, 192 NE2d 920; People v. Anthony, 117 Ill App2d 46, 254 NE2d 101; People v. Bailey, 112 Ill App2d 361, 251 NE2d 375. On the record before us, we cannot say the proof is so unsatisfactory that it raises a reasonable doubt of defendant's guilt.

Defendant's second contention arises from the appearance of the complainant's daughter as a prosecution witness. She was questioned by the assistant who was prosecuting. No inquiry concerning her competency to testify was made by the trial judge. Questions asked her by the prosecuting attorney disclosed she was then eight years old and a student in the third grade. She said she knew the difference between the truth and a lie: "[l]ittle girls who don't tell the truth get punished." At one point defense counsel requested that the child be asked when she attained the age of eight. One assistant state's attorney replied, "You can do that on cross, Counsel." The court added, "Let him conduct his own examination. I will let him proceed." The child then gave testimony which tended to corroborate her mother.

Cross-examination disclosed that when the alleged crime was committed, the child was less than seven and a half years old. She did not know when the alleged offense occurred. She testified to some facts not mentioned by her mother. She said mother "told me when this happened." Pressed further, the child said that the assistant state's attorney "told me what to say. Not— he didn't tell me what to say, he told me some of it . . . just told me some of it, . . . ." At the conclusion of the State's case, defendant moved to strike the testimony of the child. The motion was denied. It is claimed this was error.

 There is a presumption in this state that every person who is fourteen years old is competent to testify. Shannon v. Swanson, 208 Ill 52, 69 NE 869. When a child under the age of fourteen is called as a witness, it is the duty of the trial judge to determine whether the child is competent to testify. People v. Crews, 38 Ill2d 331, 231 NE2d 451. In the discharge of this duty the trial judge must conduct a preliminary inquiry into the competency of the offered witness by examining the child's intelligence, understanding and moral sense. It is not age, but the degree of intelligence that a child displays which determines the question of its competency as a witness. People v. Davis, 10 Ill2d 430, 140 NE2d 675. "If testimony is to be permitted, the court's inquiry must, with reason, satisfy the judge that the witness is sufficiently mature (1) to receive correct impressions by his senses, (2) to recollect these impressions, (3) to understand questions and narrate answers intelligently, and (4) to appreciate the moral duty to tell the truth (and comprehend the meaning of the oath)." People v. Sims, 113 Ill App2d 58, 61, 251 NE2d 795.

 It is impossible to escape observing that the little girl was called as a witness to corroborate the testimony of her mother. Knowledge of human nature reminds us that a child of tender years is impressionable and will repeat what is said by adults. This record vividly demonstrates the rationale for requiring the trial judge to conduct an in-person examination of a child before it is allowed to testify. The examination was not conducted. Thus, questions concerning the competency of the child witness were not answered. Therefore, the judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.