THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY JACKSON, Defendant-Appellant.

(No. 55396; )

First District—December 30, 1971.

Jerry C. Lagerquist, of Chicago, for appellant.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged in a two count indictment with rape and indecent liberties with a child. After a bench trial, defendant was found guilty of rape and sentenced to a term of four years to four years and a day. On appeal he contends that he was not proved guilty beyond a reasonable doubt and that the court erred in failing to conduct an adequate hearing to determine the competency of the twelve-year-old complaining witness.

The complaining witness testified at trial that defendant's aunt lived with complainant and her family. Defendant was visiting his aunt on the day in question. Defendant volunteered to take complainant's sister and her friends to the home of another friend and complainant went along for the ride. After the other girls were dropped off, complainant got in the front seat and fell asleep. When she awoke, defendant was driving into a parking lot. He left the car, but returned immediately and started to move towards her. She testified that defendant pushed her down on the seat, pushed her panties to the side, and "put his penis in her private parts." During the struggle, she tried to blow the car horn.

When defendant got out to rearrange his trousers, complainant ran to the nearest car in the lot. She told the man in the other car that she had been raped and he took her to a phone booth and called the police. The police questioned her and took her to the hospital. Two hospitals

refused to examine her because she was not accompanied by her mother. She met her mother at County Hospital and was examined there. A nurse took her dress and panties. At that time, the victim noticed a "wetness" on her legs and some blood on her legs and clothing.

Joseph Potocny, the man who helped the victim in the parking lot, also testified. He used the parking lot to give driving instruction, and on the evening in question he was giving a lesson sometime between 8:00 and 10:00 P.M. The girl ran over to his car and told him that she had been raped. Potocny stated that one of the other two cars in the lot, about two hundred yards away, was a black 1952 or 1953 Cadillac. He had heard the Cadillac horn sound about half an hour before the girl ran up to his car. In response to a question by the court, Potocny stated that complainant told the police that the man who raped her was Buddy Jackson or something like that.

Complainant's mother testified that she had known defendant for about a year and that he drove a black Cadillac. She said that defendant left the house with her daughter and she next saw her daughter at the hospital. The State did not call as witnesses any of the personnel or staff from the County Hospital where the girl was examined.

Defendant, testifying in his own behalf, denied the commission of the offense and offered an alibi. He stated that, after dropping off complainant's sister and friends, he drove to a liquor store. As they pulled up to the store, complainant said that she saw her uncle and left the car. After making a liquor purchase, defendant testified that he saw the Reverend Clay. He took the Reverend to his church and then continued to a tavern where he had several beers with Andrew Bowers. He drove Bowers home, then went to his own home where he slept until 1:00 A.M., the time he left for work. Defendant said he drove a black 1962 Cadillac.

Reverend Clay testified that defendant had given him a ride to the church at about 6:00 P.M. Andrew Bowers testified and corroborated defendant's statement about the time spent in the tavern. Defendant's wife testified that defendant returned home at about 8:00 P.M. that day and slept until he went to work.

Defendant first argues that the proof does not sustain his conviction. He contends that the testimony of the complaining witness was neither clear and convincing nor corroborated. He maintains that the State's evidence, together with his alibi, did not constitute proof beyond a reasonable doubt. The record, however, does not support this argument. ■■ In a rape case, the testimony of the complainant must be either clear and convincing or corroborated by other facts and circumstances. (*People v. Armstrong*, 127 Ill.App.2d 377, 262 N.E.2d 271.) In the instant case, the prosecutrix testified with clarity. Her testimony did not

change nor did she falter although she was subjected to a rigorous cross-examination by defense counsel. Her statement that "defendant put his penis in me" was positive, and was sufficient to place the issue of penetration before the trier of fact. Additionally, her testimony was corroborated by that of Joseph Potocny.

■■ When complainant ran to Potocny's car, she stated that she had been raped. Evidence of prompt complaint is admissible as an exception to the hearsay rule. (*People v. Smith*, 58 Ill.App.2d 123, 206 N.E.2d 714.) Such testimony is deemed relevant on the ground that it corroborates the complainant's statement that she was assaulted. (*People v. James*, 62 Ill.App.2d 225, 210 N.E.2d 804.) The person to whom the complaint was made can properly testify to the fact that it was made, although it is not proper for such person to give the name of the accused. (*People v. Davis*, 10 Ill.2d 430, 140 N.E.2d 675, *cert.* denied, 355 U.S. 820.) Potocny thus properly could testify to the girl's complaint. It was error to permit him to testify that the victim identified her assailant as "Buddy" Jackson to the police. However, since there was no question of identity in the instant case, defendant was not prejudiced, and the error was harmless. (See *People v. Rotello*, 339 Ill. 448, 171 N.E. 540.) The direct testimony of the victim, together with the corroboration, was sufficient to support the court's finding that defendant was guilty beyond a reasonable doubt.

■■ The proof was not undermined, as defendant suggests, by the lack of medical testimony. Medical testimony is not required to prove rape and this is true even when it is established that the victim went to a hospital after the offense occurred. *People v. Boney*, 38 Ill.2d 23, 230 N.E.2d 167, *cert.* denied, 392 U.S. 933.

■■ Defendant urges further that the evidence offered to support his alibi defense was sufficient to challenge the State's proof. Where the State has established that an offense has been committed and produced evidence establishing defendant as perpetrator of the offense, the burden is on defendant to establish an alibi. (*People v. Mero*, 4 Ill.2d 327, 122 N.E.2d 796.) A defendant need not establish his alibi beyond a reasonable doubt, but is entitled to acquittal only when all of the evidence fails to prove him guilty beyond a reasonable doubt. (*People v. Flynn*, 89 Ill.App.2d 328, 231 N.E.2d 710.) Where there is a positive identification of defendant by a credible witness, as here, the guilty finding may be sustained notwithstanding otherwise plausible alibi evidence. *People v. Wheeler*, 5 Ill.2d 474, 126 N.E.2d 228.

Defendant also argues that the court did not conduct an adequate inquiry into the competency of the twelve-year-old complainant as a witness. After the complainant commenced her direct testimony, she was questioned by the trial judge concerning her understanding of the

proceedings. In response to the judge's questions, she stated that she knew that she was in court, that a lawyer was asking her questions, that the judge was a judge and that she was supposed to tell what happened on the evening in question.. She also stated that she was twelve years old at the time of trial and in the seventh grade. She proceeded to testify without any objection on the part of the defense as to her competency.

■■ Where a witness is under fourteen years of age, the court must conduct an inquiry for the purpose of determining whether the witness is sufficiently mature (1) to receive correct impressions from his senses, (2) to recollect these impressions, (3) to understand questions and narrate answer intelligently, and (4) to appreciate the moral duty to tell the truth. (*People v. Armstrong,* 127 Ill.App.2d 377, 262 N.E.2d 271.) This determination is for the trial judge. Although reviewable, the trial court's decision will not be reversed unless there has been an abuse of discretion or manifest misapprehension of principle. *People v. Ballinger,* 36 Ill.2d 620, 225 N.E.2d 10, *cert.* denied, 388 U.S. 920.

■■ In the instant case, the complaining witness was subjected to a lengthy direct examination which was interrupted by the court's inquiry directed at the witness' comprehension of the proceedings. The defense counsel then conducted a detailed cross-examination. The court had ample opportunity to observe the demeanor of the witness and her ability to understand and answer the questions propounded by court and counsel. Additionally, she stated that she knew that she was in a courtroom, that lawyers were asking her questions and that she was there in order to tell the court what happened. It is not the age, but rather the child's intelligence, ability to comprehend the duty to tell the truth and to speak truth, which is determinative of the child's competency. (*People v. Pearson,* 126 Ill.App.2d 166, 261 N.E.2d 519.) We hold that the inquiry and determination by the trial court as to the child's competency to testify was adequate and without error.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.