THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD ANTHONY, Defendant-Appellant.

(No. 56528;

First District—May 3, 1972.

Sherwin B. Kite, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Stephen R. Kramer, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order denying without an evidentiary hearing a petition for a post conviction hearing under Article 122 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*).

The defendant, Edward Anthony, on appeal, contends that he did not receive effective assistance of counsel in presenting his post conviction petition because (1) his appointed attorney did not personally confer with him and (2) because his attorney did not amend the petition which was defective on its face.

After a trial before the court, without a jury, the defendant was convicted of possession of heroin, a narcotic drug, and sentenced to serve a term of not less than five nor more than six years in the penitentiary. The conviction was appealed and affirmed in *People v. Anthony,* 117 Ill.App.2d 46, 254 N.E.2d 101.

On April 2,1968, the defendant filed a *pro se* petition for a post conviction hearing. The Public Defender was appointed to represent him. On April 25, 1968, the State filed a motion to dismiss the petition on the ground that the allegations failed to raise any constitutional questions under the standards for post conviction relief.

A hearing on the motion to dismiss was held on April 29, 1970. At that time, the Assistant Public Defender assigned to the cause reviewed the

efforts taken on behalf of the defendant and expressed his intention to stand on the petition without amendment as follows:

"Mr. Rantis [Assistant Public Defender]: * * * I have, previous to appearing before this court today, done the following things: I have read the transcript of the proceedings and in addition to that I have read the abstract of record and brief and argument on the appeal of this case. I have conversed with the two gentlemen who worked on the appeal in addition to myself, Mr. Herbert Becker and Mr. Norman Fishman.

* * *

I have also had contact with Mr. Anthony and in my possession I have a questionnaire which was filled out by Mr. Anthony and returned to our office. After reviewing the transcript and the questionnaire, we intend now to stand on the original petition and do not intend to amend it."

Defendant's counsel conceded that the majority of the points raised in the petition presented no constitutional issues; but he urged that two items, though general in form, did raise substantial constitutional questions. After argument of counsel, the State's motion to dismiss was granted and the petition denied. A direct appeal was taken to the Supreme Court, but the cause was transferred by order of that Court to the Appellate Court.

■■ The defendant first contends that he was denied effective assistance of counsel with respect to the post conviction hearing because his attorney did not consult with him in person. Section 122—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 122—4) provides that in proceedings for post conviction relief, counsel shall be appointed upon request to assist indigent prisoners. The duties and responsibilities of an appointed attorney were set forth in *People v. Slaughter,* 39 Ill.2d 278 at 285, 235 N.E.2d 566 at 569:

"To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would *consult with him either by mail or in person,* ascertain his alleged grievances, examine the record of proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions." (emphasis added).

Under the dictates of *Slaughter* the appointed attorney must consult with the petitioner, but this consultation may be "either by mail or in person."

■■ Here the Assistant Public Defender chose to send the defendant a

written questionnaire which in due course was completed by the defendant. Counsel herein not only complied with the requirements of *Slaughter*, but in addition he also examined the documents filed in the defendant's appeal from his conviction and conferred with the attorneys who represented the defendant on that appeal. We cannot say that this preparation in excess of the requirements of *Slaughter* evidences ineffective assistance of counsel. See: *People v. French*, 46 Ill.2d 104, 262 N.E.2d 901.

■■ The defendant urges that the ineffectiveness of representation given him was further demonstrated by the failure of his attorney to amend the original *pro se* petition particularly with respect to Items 19 and 21 to state facts which would support the conclusion that his constitutional rights were violated at the trial. Item 19 of the petition reads: "Petitioner's Attorney did not present desired witnesses or prepare a competence [sic] defense for petitioner." Item 21 reads, "Petitioner was discriminated against by the state by petitioner being tried in an all white court, where all participant [sic] and workers of the court were white, also because of his Negro nationality and because he was on parole at the time of his arrest." There is showing by present counsel and no indication in the record that a factual basis exists which would warrant the amendment of the petition; and as the Supreme Court pointed out in *People v. Stovall*, 47 Ill.2d 42 at 46, 264 N.E.2d 174 at 176, "Where there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petitioner's allegations factually sufficient to require the granting of relief." The Assistant Public Defender decided to stand on the original petition only after examining the record and the questionnaire filled out by the defendant. This decision to stand on the petition does not, in view of the record before us, demonstrate inadequate assistance of counsel.

The dismissal of the petition without a hearing was proper, and the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.