THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH YOUNG, Defendant-Appellant.

First District (1st Division)    No. 79-1772

Opinion filed October 6, 1980.

James J. Doherty, Public Defender, of Chicago (Judith Stewart, Assistant
Public Defender, of counsel), for appellant.

334

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Alfred L. Petrocelli, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Joseph Young was charged by information with rape and burglary. A jury returned a guilty verdict on the rape count and defendant was sentenced to 10 years in the Illinois Department of Corrections. Defendant appeals.

On appeal, defendant contends (1) that the trial court erred in allowing a corroborating witness to repeat the details of the alleged rape as told to her by complainant shortly after the incident; (2) that the trial court erred in allowing a second corroborating witness to give testimony in which he stated not only the fact that a complaint was made but also the names of the perpetrators of the alleged rape as told to him by complainant two hours after the incident; and (3) that defendant was not proved guilty beyond a reasonable doubt.

We affirm.

Complainant lived with her 7-year-old son in a housing project on the south side of Chicago. On April 1, 1978, shortly after midnight, she was awakened by a knock at her front door. She asked who was there and was told it was the police. When she opened the door, she recognized the two men standing outside the door as two tenants of the project whom she had met previously. The men entered the apartment and complainant locked the door.

Complainant and defendant gave different accounts as to what next transpired. Complainant maintains that she was forcibly raped. Joseph Young claims that complainant initiated sexual relations with him and James Patrick.

Complainant testified that she asked Young and Patrick to leave her apartment because she had to work the following day. Young then reached into his pocket and took hold of a gun. Patrick took a butcher knife from the kitchen and held it under complainant's chin. The two men then undressed her, pushed her into the bedroom, and Patrick began having sexual intercourse with complainant. Defendant Young left the room for a short time and then returned and told Patrick to hurry up. Patrick got up and left the room and defendant starting having sexual intercourse with complainant. After a few minutes, Patrick returned and told defendant "we can leave now." As they were walking toward the door, Patrick warned complainant "don't go to the police because we don't want to hurt you or [your son]."

Defendant's version of the episode is substantially different. Young maintained that he and complainant were friends and saw each other

about three times a week. He claimed that he and Patrick were just kidding when they identified themselves as police. Young said that upon entering the apartment, he asked permission to use complainant's telephone. After making a short call, Patrick told Young that complainant wanted to see him in the bedroom. Young entered the dark bedroom, turned on a lamp and saw that the complainant was undressed. She begged him to have sex with her and he acquiesced.

Shortly after the incident, complainant telephoned a friend, Miss Evans, and told her she had been raped. The telephone conversation lasted two hours. Complainant then called another friend, Mr. Wiley, and told him the same story. The State called both friends to testify.

Over defendant's objection, Miss Evans was permitted to testify to the specific details of her telephone conversation with complainant. Her testimony as to the substance of the telephone conversation was identical to complainant's account of the incident. After cross-examination by the defense attorney and redirect examination by the State, the trial court advised the jury that the witness' testimony was merely to confirm the fact that complainant had made a telephone call to the witness.

The State then called the second corroborating witness, Mr. Wiley. Over defendant's objection, the second witness testified that complainant had called him and told him she had been raped by Young and Patrick. Unlike Evans, Wiley did not relate the specific details of the incident. Again, after the second corroborating witness testified, the trial court instructed the jury that his testimony was offered merely to confirm the fact that complainant had made a telephone call to this second witness.

■■ Hearsay complaints of an alleged rape victim may be admitted into evidence as a spontaneous declaration or as a corroborative statement. (*People v. Damen* (1963), 28 Ill. 2d 464, 470-74, 193 N.E.2d 25, 29-31; *People v. Hayn* (1976), 34 Ill. App. 3d 1029, 1035, 341 N.E.2d 182, 187.) A statement which is made after an exciting occasion with little or no time to fabricate which relates to the circumstances of the occurrence may be admitted as a spontaneous declaration. (*People v. Poland* (1961), 22 Ill. 2d 175, 181, 174 N.E.2d 804, 807.) A statement which is too remote in time to qualify as a spontaneous declaration may be admitted as a corroborative statement. While the contents of a spontaneous declaration may be shown *in toto*, proof of complainant's corroborative statement, which fails to qualify as a spontaneous declaration because of lapse of time, is restricted to the fact that a complaint was made. It may not include any details of the occurrence or the name of the perpetrator. *People v. Damen* (1963), 28 Ill. 2d 464, 473, 193 N.E.2d 25, 31; *People v. Sanders* (1978), 59 Ill. App. 3d 650, 653-54, 375 N.E.2d 921, 924; *People v. Hayn* (1976), 34 Ill. App. 3d 1029, 1036, 341 N.E.2d 182, 187.

Defendant first contends that the trial court erred in allowing Evans

to repeat the details of the alleged rape as told to her by complainant shortly after the incident. It is necessary to analyze complainant's behavior after the incident to determine whether her statements to the first corroborating witness qualified as a spontaneous declaration.

Complainant testified that after defendant and his accomplice left her apartment, she looked in on her son, turned on the shower and immediately called her friend. The call was placed five to ten minutes after the incident. Complainant was scared and crying at the time.

■■ We are of the opinion that complainant called Evans as soon as practicable after the incident and without any inconsistent delay. There is no indication that she took time to reflect on the happening or to fabricate a story. Thus, we conclude that complainant's statements to the first corroborating witness qualified as a spontaneous declaration and there was no error in the admission of the testimony including a detailed recitation of the occurrence.

Additionally, defendant contends that the trial court erred in permitting Wiley to give testimony in which he stated not only the fact that the complaint was made, but also the names of the perpetrators of the alleged rape as told to him by the complainant two hours after the incident. Wiley's testimony is as follows:

"ASSISTANT STATE'S ATTORNEY: Q. What was the first thing she said to you?

WITNESS: A. She had called me, she said, 'David guess what.' I said, 'What?' And she said, 'You never will believe what happened to me.' I said, 'What?' She said, 'I have been raped.'

ASSISTANT STATE'S ATTORNEY: Q. Now, what did she say?

WITNESS: A. I said what, who? And she told me she had been raped by—she named Joseph and Patrick.

ASSISTANT STATE'S ATTORNEY: Q. Now, after she said this to you, did you have conversation with her about what had happened that evening?

WITNESS: A. Yes, we talked about the incident.

ASSISTANT STATE'S ATTORNEY: Q. And approximately how long did you talk to her on the telephone?

WITNESS: A. About an hour."

■■■ Complainant's statement to Wiley clearly was not a spontaneous declaration since it was made a substantial amount of time after the incident. Furthermore, the testimony went beyond the proper limits of a corroborative statement in that it included the names of the defendant and his accomplice. Thus, it was error to permit him to testify that the complainant identified her assailants as Young and Patrick. We find,

however, that since the identity of the assailant was not in issue, the error was harmless. *People v. Kennedy* (1978), 60 Ill. App. 3d 947, 952, 377 N.E.2d 830, 835; *People v. Hayn* (1976), 34 Ill. App. 3d 1029, 1036, 341 N.E.2d 182, 188; *People v. Jackson* (1971), 3 Ill. App. 3d 303, 307, 279 N.E.2d 8, 11.

■■ Additionally, defendant suggests that since the complaint was made in response to questions put to complainant it should not have been admitted into evidence. It is true that a belated complaint, made in response to questions aimed at eliciting the admission of a suspected occurrence, is not regarded as " 'the natural and spontaneous expression of an outraged feeling' " and therefore is not admissible. (*People v. Harrison* (1962), 25 Ill. 2d 407, 412, 185 N.E.2d 244, 246-47.) We find, however, that since complainant had already made a spontaneous declaration to the first corroborating witness, there is no reason to exclude statements made to the second corroborating witness for lack of spontaneity or voluntariness.

■■ Defendant's third contention is that the evidence presented in the trial court was insufficient to prove beyond a reasonable doubt that defendant raped complainant. Having carefully reviewed all the evidence, we believe there was ample evidence for the jury to find defendant guilty beyond a reasonable doubt. Furthermore, we do not choose to substitute our judgment for that of the trier of fact who had the opportunity to weigh the credibility of the witnesses and otherwise assess the evidence which was presented. *People v. Reese* (1973), 54 Ill. 2d 51, 57-58, 294 N.E.2d 288, 291.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.