**People of the State of Illinois, Plaintiff-Appellee, v. Ronald Hudson, Defendant-Appellant.**

**Gen. No. 51,197.**

First District, Second Division.

June 18, 1968.

Rehearing denied September 9, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Francis J. Carey, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Ronald Hudson, was indicted for the unlawful sale of narcotic drugs. He was found guilty of the charge by a jury and sentenced by the court to a term of 20 to 40 years in the Illinois State Penitentiary. He appeals, contending that it was prejudicial error for the court to deny his motion for a continuance during the trial, and that the sentence imposed was too severe and should be reduced.

By prearrangement, Herman Phillips, a police informer, met Officer Richard McKelvey of the Narcotics Bureau of the Chicago Police Department and certain other police officers on September 16, 1964, at Sangamon and Hubbard Streets in the City of Chicago. Phillips testified that he had used narcotics at one time but was not now a user. He also testified that he had purchased marijuana from defendant prior to September 16, 1964. Phillips and his automobile were searched by the policemen. He then was given $15 worth of marked money in ten one-dollar bills and one five-dollar bill. Under surveillance of the police, Phillips proceeded to the corner of Chicago Avenue and May Street where he waited outside of the Paradise tavern for about 45 minutes. Defendant then approached Phillips and the latter arranged to purchase $15 worth of narcotics. Defendant left but returned in about 10 minutes and gave Phillips two packages which later were found to have contained heroin. As defendant walked into the tavern, Phillips walked over to where Officer McKelvey was standing and handed him the two packages he had purchased. After a field test indicated the packages contained heroin, two officers

entered the tavern, but were unable to find defendant. Defendant was arrested a few minutes later by another officer stationed outside of the tavern. A search revealed that defendant did not have any of the marked money on his person. Officer Kurowski returned to the tavern and found five of the premarked dollar bills in the cash register.

Officer McKelvey testified on cross-examination that he had stopped defendant in August 1964 for traffic violations. The officer also testified that he then had found a hypodermic needle and syringe in the back seat of defendant's car at that time, and that the defendant had run over his foot in trying to escape. The officer further testified that he placed charges of aggravated battery, possession of a hypodermic needle and traffic violations arising out of that arrest, but that these charges had been dismissed in court.

Defendant testified that he had a conversation with Phillips outside of the tavern on September 16, but denied selling any narcotics. Defendant also testified that he was 22 years of age, that he was employed and that he was not a narcotics addict.

Defendant had been indicted on October 28, 1964. He was arraigned and his counsel filed his appearance on November 4, 1964. Trial commenced on March 16, 1965. During this period defendant was free on bond.

Defendant urges that the court committed reversible error in denying a continuance of the trial on motion of defendant's counsel. During cross-examination, defendant first testified that Phillips did not enter the tavern after their conversation, then reconsidered and stated that Phillips had entered the tavern and was standing with a group of about six people. Defendant named three of the group as Warren Hayes, Gene Bellows and Robert Hayes. He stated that none of the three was in court. After defendant had completed his testimony, his at-

torney requested that the trial be recessed and he be granted a continuance until the next day so "that he may make every effort to bring into court these parties who were on the premises of the Paradise tavern" to testify as to whether or not Phillips went into the tavern after his conversation with defendant. The court denied the request noting that orderly procedure necessitated proceeding with the trial, and defendant then rested.

■■ The matter of granting a continuance is within the sound discretion of the trial judge, and it is only where the record shows an abuse of such discretion that the conviction will be reversed. People v. Harper, 31 Ill2d 51, 198 NE2d 825 (1964); People v. Clark, 9 Ill2d 46, 137 NE2d 54 (1956).

■ There was no abuse of that discretion in the instant case. Phillips had testified that he did not enter the tavern after the transaction with defendant. Officers McKelvey and Kurowski testified that after the transaction between Phillips and defendant took place, they watched defendant enter the tavern while Phillips walked across the street to where Officer McKelvey was conducting his surveillance. The testimony of these three witnesses was sufficient to establish the fact that Phillips did not enter the tavern. The testimony of Phillips, admittedly a former user of drugs, must be weighed carefully, but it is not necessary that his testimony must be disbelieved. People v. Drumwright, 48 Ill App2d 392, 199 NE2d 282 (1964). Further, Phillips' statement that he did not enter the tavern was corroborated by the testimony of two police officers. In addition, counsel for defendant made no showing that there was any reasonable expectation or prospect of obtaining the presence of the absent witnesses. Nor was there any showing that there testimony would be of any benefit to defendant. The only request made of the court was that a continuance be granted to look for three witnesses who might give

testimony about a fact which already had been established by three witnesses and contradicted by defendant only after reconsideration. Moreover, defendant and his privately retained counsel had more than four months to prepare for the trial. During all this time, defendant was free on bail. Defendant had the duty of making a reasonable attempt to secure witnesses and if he failed to do so the request for continuance properly was denied. People v. O'Hara, 332 Ill 436, 163 NE 804 (1928).

The cases cited by defendant in support of his contention that the trial court committed prejudicial error in denying his motion for a continuance clearly are distinguishable from the case at bar. In People v. Bopp, 279 Ill 184, 116 NE 679 (1917) and People v. Shiffman, 350 Ill 243, 182 NE 760 (1932), it was held error for the trial court to deny a motion for a continuance where counsel was appointed for defendant on the day of the trial, and consequently did not have an opportunity to prepare a defense. Defendant also cites People v. Ritchie, 66 Ill App2d 417, 213 NE2d 306 (1966) where it was held to be error to deny a continuance. In that case a public defender who had been appointed to represent a defendant held in custody requested a continuance because defendant was arranging for private counsel. The request for a continuance was denied, and the defendant acted as his own attorney with the public defender remaining in the courtroom to assist if the defendant requested help. The court held that under those facts a continuance would not have frustrated the administration of justice. In the case at bar, counsel's request for a continuance on highly speculative and conjectural grounds would have resulted in an unnecessary delay in the administration of justice and was properly denied by the trial court.

Defendant next contends that the sentence of 20 to 40 years in the penitentiary was too severe, excessive and should be reduced.

This court is authorized to reduce the punishment imposed by the trial court. (Ill Rev Stats 1967, c 110A, § 615(b) (4).)

SHA, c 38 § 22–40, par 3, states:

"Whoever violates this Act by traffic in, selling, prescribing, administering, or dispensing any narcotic drugs, shall be imprisoned in the penitentiary for any term from 10 years to life, . . ."

Defendant was 22 years of age, married, and his wife was pregnant. He was employed by Shaner's Corporation. His prior record consisted of a 90-day sentence in the House of Correction on the charge of Petty Larceny. At the time of sentencing, the trial judge stated that while this was defendant's first offense, and that the amount involved was small, "there was every indication this was his occupation. The man is not an addict."

We agree with the State that a nonaddict selling narcotics for profit commits a particularly heinous crime, and should be punished accordingly. We are also mindful that our Supreme Court has stated that reviewing courts should use their power to reduce sentences with considerable caution. People v. Taylor, 33 Ill2d 417, 211 NE2d 673 (1966). Nor should a sentence be reduced merely because the reviewing court would have imposed a different one if it had been in the trial court's position. People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965).

However, it is clear that the trial judge imposed the sentence of 20 to 40 years because he concluded that selling narcotics was defendant's occupation. The only evidence to support that conclusion was the testimony given by Phillips that he had once made a purchase of marijuana from the defendant before September 16, 1964. There was no other evidence of a prior sale of narcotics. The testimony of defendant that he was employed was

uncontradicted, and there was nothing in the record to indicate that selling narcotics was his occupation. A previous charge of possession of a hypodermic needle had been dismissed in court.

The State cites People v. Gassaway, 65 Ill App2d 244, 212 NE 689 (1965), wherein the court upheld the sentence of a 22-year-old defendant without prior record who was found guilty of selling $25 worth of heroin to a narcotics agent and was sentenced to 15 years to life. But in that case defendant told the narcotics agent that he was just a small peddler of narcotics, trying to make a living. There was no such admission in the instant case.

Prior to sentencing, the Assistant State's Attorney recommended a sentence of 10 to 14 years. Under the facts and circumstances of this case, we believe that to have been an appropriate recommendation. The judgment and sentence are modified to provide that the sentence imposed on defendant be confinement to the penitentiary for a term of not less than 10 years nor more than 14 years, and as so modified, the judgment is affirmed.

Judgment modified, and as modified, affirmed.

BURKE, P. J. and LYONS, J., concur.