(No. 40999.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ALBERT DONEL, Appellant.

*Opinion filed January 28, 1970.*

WARD, J., took no part.

PHILIP M. BASVIC, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOHN McCLORY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, defendant, Albert Donel, was found guilty of theft of an automobile and sentenced to serve two to three years in the penitentiary. He appeals directly to this court, contending that certain evidence admitted at trial was a product of an illegal search and the motion to suppress should have been allowed.

On the afternoon of December 17, 1965, Detective Thomas Walsh of the Chicago Auto Theft Unit received an anonymous telephone call informing him that a stolen 1966 Corvette, license No. BW-8080, was in a garage owned by the defendant. Walsh testified that at about 6:00 P.M. the same day he was parked in an alley near defendant's garage. The defendant pulled into the alley and stopped. The officer pulled along side defendant's car and asked defendant if he could talk with him a few minutes.

The defendant replied, "Certainly, wait until I back my car up to my garage and we'll talk." The officer and the defendant stepped out of their cars and walked into defendant's back yard. There the following conversation took place:

"WALSH: What do you have in your garage?

DONEL: You know what is there.

WALSH: What do you mean I know what is there? What is there?

DONEL: You know what is there. There is a Corvette in there.

WALSH: What year Corvette?

DONEL: It's a '66, you know, it's a hot one.

WALSH: Do you mind if I see it?

DONEL: No. You know it's there. You might as well see it.

WALSH: Do you mind opening the door so I may see it?

DONEL: No. Why bother; you know it's there. I'll open it."

Defendant opened the garage, and after identifying the car the police officer placed defendant under arrest. It is uncontroverted that at no time did the police officer have a warrant to search the premises involved.

The defendant testified that he stopped his car in the alley when the officer shone a light on him. The officer asked him if he minded the officer looking in his garage. The defendant knew the officer to be a policeman and replied that he did mind. Defendant opened the garage after officer Walsh said he had a search warrant and would look in there anyway.

Edward Jones who was in the defendant's car, testified that defendant stopped when the officer shone a light on the car, but overheard the officer asking only to look into the garage.

The sole question before this court is whether defendant

consented to the search and thereby waived his rights under the fourth amendment. Consent operates as a waiver of the constitutional right against unreasonable search (*People* v. *Harris*, 34 Ill.2d 282; *People* v. *Henderson*, 33 Ill.2d 225), and determination of whether consent has been given lies initially with the trial court and its finding will not be disturbed. The trial court did not indicate what specific grounds it relied upon to deny the motion to suppress, but the ruling indicates that the testimony of the defense witnesses must have been disbelieved. The facts in the case at bar are unlike those in *People* v. *Haskell*, 41 Ill.2d 25, where we held the State failed in meeting its burden of showing by clear and positive testimony a free and knowing consent to seizure. (41 Ill.2d at 32.) Here, defendant had known the arresting officer for about three years and had on several occasions conversed freely with him. There is nothing in this record to indicate that defendant was frightened, confused or merely submitting to the presence of authority. In fact, quite the opposite was shown. Defendant had been arrested and convicted in 1959 on two charges of auto larceny and, apparently, was familiar with criminal procedure.

Upon review of the record, we find that the resolution of the issues involved rested upon the credibility of the witnesses, and that the determination by the hearing judge must be sustained, since it may not be fairly said to be against the manifest weight of the evidence. (See *People* v. *Myers*, 35 Ill.2d 311, 320; *People* v. *Spencer*, 27 Ill.2d 320, 325; *People* v. *Woods*, 26 Ill.2d 582, 585; *Myers* v. *City of Elmhurst*, 12 Ill.2d 537, 547; *La Salle Nat. Bank* v. *County of Cook*, 12 Ill.2d 40, 48.) Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.