THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LONNIE CATO, a minor, Defendant-Appellant.

(No. 56080;

First District—April 24, 1972.

Paul M. Brayman, of Legal Assistance Foundation, of Evanston, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Edward B. Mueller, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial in the Juvenile Division, County Department of the Circuit Court, Lonnie Cato (defendant), a minor, was adjudicated delinquent for committing the offense of aggravated battery. (See Ill. Rev. Stat. 1969, ch. 37, par. 702—2 and ch. 38, par. 12—4(b)(3).) He was admitted to probation for nine months and he appeals. He contends that the evidence failed to prove his guilt of aggravated battery beyond a reasonable doubt and that the trial court erred in denying him a dispositional hearing.

Defendant was a Junior High School student. He was a spectator at a basketball game held in the school gymnasium. The complaining witness, Assistant Principal of the school, testified that there was a commotion in the room and that he walked over to defendant. The witness then had a dislocated left shoulder so that his left arm was in a sling. He testified that he and defendant went out to the corridor and, when no one else was present, he put his hand on defendant to calm him down. Defendant turned and forcibly struck him so that he slipped and fell to the floor. While he was on the ground, defendant kicked him and hit him across the face from four to six times. A woman instructor pulled the defendant off of him and defendant ran out of the building.

Defendant denied the charge. He testified that the Assistant Principal told him to leave. He protested that he was not doing anything but the Principal insisted and pushed him back against the wall. When they approached the door, the Principal forcibly ejected him and then approached him "ready to choke me again." The Principal slipped and the defendant "hit him once more." He hit the complaining witness once while he was laying on the ground but only with his open hand. A friend of defendant testified that he was present at the game and that the Assistant Principal told defendant that he should leave. As they started to leave, the Principal bumped defendant into the wall. At the door, they started fighting. The witness saw the Principal down on the floor and saw defendant strike him once. This happened after the Principal was already on the floor or in the process of falling. The State then recalled defendant for an additional question on recross-examination and asked whether he knew that the complaining witness was an Assistant

Principal. The defendant responded affirmatively. Counsel for defendant objected to this procedure but was overruled. Both sides then rested.

■■■ This record presents merely a question of credibility of the witnesses. The positive testimony of the Assistant Principal is sufficient to support a conviction even though it is contradicted by the defendant. (*People v. Sullivan,* 46 Ill.2d 399, 401, 263 N.E.2d 38.) The determination by the trial judge here "* * * must be sustained, since it may not be fairly said to be against the manifest weight of the evidence." (*People v. Donel,* 44 Ill.2d 280, 283, 255 N.E.2d 454.) In our opinion, guilt of this charge, which fully justifies the finding of delinquency made by the court, has been proved beyond a reasonable doubt. *People v. Urbasek,* 38 Ill.2d 535, 232 N.E.2d 716.

■■ Defendant argues that there was no specific proof during the State's case regarding the status of the complaining witness as an Assistant Principal and that the court erred in permitting the State to reopen its case for additional cross-examination of defendant after the defendant had rested. (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(b)(3).) It was unnecessary for the court to hear this additional testimony. Defendant, as a student at the school, must have known the complaining witness as a school official. Defendant recognized this when he followed the Assistant Principal out of the gymnasium, as requested. Furthermore, even without the additional testimony, the evidence showed defendant guilty of the included offense of battery (Ill. Rev. Stat. 1969, ch. 38, par. 12—3(a)) which is sufficient basis for the finding of delinquency. (Ill. Rev. Stat. 1969, ch. 37, par. 702—2(a).) We find no prejudicial error in this regard.

■■ The remaining contention of defendant is that the court failed to give him a dispositional hearing contrary to the requirements of the statute. The Juvenile Court Act, which is applicable here, provides that "[a]fter adjudging the minor a ward of the court, the court shall hear evidence on the question of the proper disposition best serving the interests of the minor and the public." (Ill. Rev. Stat. 1969, ch. 37, par. 705—1(1).) The record shows that, after hearing evidence and argument of counsel, the court, on April 22, 1971, entered a finding of delinquency and admitted the defendant to probation for nine months. He appointed a probation officer and directed the making of a social report to be considered June 4, 1971 with motion to vacate the finding to be heard at that time. A supplemental record filed in this court on August 30, 1971 shows that on June 4, 1971, the hearing was continued to June 10, 1971 and on that date the matter was referred to Clinical Service and continued to August 12, 1971. The record also reflects a further continuance to September 2, 1971.

It should be noted here that the statute above quoted does not con-

template a dispositional hearing immediately at the time of the finding of delinquency. Quite to the contrary, the statute provides that the court may receive oral and written reports at the time of the dispositional hearing, thus implying the need to continue such hearing for the purpose of obtaining reports. The statute also specifically provides that "* * * the court may adjourn the hearing for a reasonable period to receive reports or other evidence and, in such event, shall make an appropriate order for detention of the minor or his release from detention subject to supervision by the court during the period of the continuance." Ill. Rev. Stat. 1969, ch. 37, par. 705—1(3).

Under these circumstances, we find that defendant had no statutory or other right to an immediate dispositional hearing. It appears to us that the postponement was in the best interests of the minor to permit the court to obtain a social report to aid in a proper disposition.

We find no prejudicial error in this record and the order of delinquency appealed from is, therefore, affirmed.

Order affirmed.

BURKE and LYONS, JJ., concur.