THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD (RECO) TYLER, a/k/a RICHARD EUGENE WALKER, Defendant-Appellant.

(No. 12541;

Fourth District—May 22, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted for armed robbery and subsequently convicted at a jury trial on that charge. The trial court entered judgment on the verdict and sentenced defendant to a term of 7 to 12 years. Defendant appeals.

Defendant urges the following on appeal. The trial court erred in denying his motion for a continuance in order for him to obtain his principal witness; the identification testimony of the State's witnesses should have been suppressed because it resulted from an unnecessarily suggestive show-up; and, finally, his sentence should be reduced because of his serious illness.

The trial of this cause was first set for June 11. On June 8, however, the defense moved for a continuance because its alibi witness, Wilma Buckner, was in the hospital and would not be available for trial. This motion was granted. On August 6, the defendant was notified that his case was being reset for September 10. The first attempt to serve Ms. Buckner was on September 4. When service was unsuccessful, defendant filed another motion for a continuance. The trial court denied the motion and noted that the witness was apparently aware of the necessity of her testimony and that there was no indication that diligence was used in securing her attendance. Nevertheless, the court assured the defendant that his case would not be called until September 13 at the earliest.

Two more attempts were subsequently made to serve the witness. Both failed and the trial began on September 14.

■■ The granting or denying of a motion for continuance to procure

a witness is a question within the discretion of the trial court, and will not be disturbed unless there has been a clear abuse. (*People v. Arndt*, 50 Ill.2d 390, 280 N.E.2d 230.) If there is no reasonable expectation that the witness will be available in the foreseeable future, the motion will be denied. (*People v. Hudson*, 97 Ill.App.2d 362, 240 N.E.2d 156, *cert. denied*, 394 U.S. 1005, 22 L.Ed.2d 783, 89 S.Ct. 1603.) The motion will also be denied where the defendant fails to exercise diligence to insure that his witness will be available to testify. Ill. Rev. Stat. 1973, ch. 38, par. 114—4(e); *People v. Goodrich*, 73 Ill.App.2d 196, 218 N.E.2d 794 (abstract opinion).

■■ We do not find an abuse of discretion in this case. The record discloses neither diligence on the part of the defendant in securing the witness, nor any reasonable expectation that the witness would be available in the foreseeable future. Defendant was in contact with the witness as early as June and a number of times thereafter. He was given more than a months' notice as to the date of his trial in order to prepare his case. The trial itself took place 3 days after the scheduled date, yet defendant was still unable to produce his witness. No reason was ever given for the failure to produce the witness, and no assurance was given that Ms. Buckner would ever be available. On these facts we cannot say that the trial court abused its discretion in denying defendant's motion for a continuance.

■■ Next, defendant contends that the identification testimony of the State's witnesses should have been suppressed because it resulted from an unnecessarily suggestive show-up. The evidence shows that after the offense, the two victims, co-owners of the grocery store that was robbed, accompanied the police in their search for the suspect. The defendant was subsequently arrested at a roadblock. There he was taken from a vehicle at gunpoint, handcuffed, and surrounded by police officers. At this point, one of the victims identified the defendant as the offender. Later, at the police station, both victims identified the defendant as he was being led through the station in handcuffs.

Defendant's contention has been expressly rejected by the supreme court in *People v. Bey*, 51 Ill.2d 262, 281 N.E.2d 638. There a defendant was returned by the police to the building where the alleged burglary took place shortly after the crime. He was then identified by the victim. The supreme court held that this was not an unnecessarily suggestive show-up and stated that such procedures were important to the rapid and effective solution of crimes. In the instant case, the victims were taken to the defendant shortly after the crime. This did not constitute an unnecessarily suggestive show-up. The identification testimony was, therefore, properly admitted.

Were we to assume that the show-up was unnecessarily suggestive, defendant's contention must still fail. In-court identification of a defendant is proper if it is based on an origin independent of an unlawful show-up. (*People v. Blumenshine*, 42 Ill.2d 508, 250 N.E.2d 152.) Here, the record reveals that both victims had an excellent opportunity to observe the defendant during the robbery. Also, both men had seen defendant in their store on prior occasions. This evidence removes any doubt about the reliability of the in-court identification of the defendant. Such testimony was properly admitted.

Finally, defendant urges that his sentence be reduced from 7 to 12 years to 4 to 12 years because he is suffering from leukemia.

■■ Defendant has prior convictions for robbery, theft, and twice for burglary. Defendant was paroled from the second burglary conviction because he was suffering from leukemia. While on this parole, defendant committed the acts which gave rise to the present offense. Among those acts was the use of a shotgun to commit the robbery. We see no reason to disturb the sentence on appeal. *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.

The judgment of the circuit court of Adams County is affirmed.

Judgment affirmed.

SIMKINS, P. J., and GREEN, J., concur.