*In re* KATHY JOHNSON, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* KATHY JOHNSON, Respondent-Appellant.)

First District (5th Division)    No. 76-411

Opinion filed April 22, 1977.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James S. Veldman, and Louis R. Schroeder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following an adjudicatory hearing, respondent was found to be delinquent for committing the offense of aggravated assault in violation of section 12—2(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—2(a)(3)), adjudged a ward of the court, and placed on probation for six months. She contends the trial court abused its discretion by denying her motion for a continuance, and erred by finding her guilty of aggravated assault beyond a reasonable doubt.

A petition for adjudication of wardship was filed against respondent, a 13-year-old child, alleging that she was delinquent having committed the offense of assault upon Dorothy Lewis knowing her to be a teacher upon school grounds. Respondent failed to appear at her initial hearing on April 7, 1975. On April 28, 1975, the Public Defender was appointed to represent her and announced that an agreement had been reached with the State's Attorney to put respondent on supervision because the alleged offense did not involve any physical contact. However, respondent's father objected to the agreement because he had "proof and witnesses"

and a denial of the charges was entered. On May 14, 1975, the case was continued on the State's motion because a clerical error by the Chicago Police Department had prevented its witnesses from being served with subpoenas.

On June 4, 1975, respondent requested a continuance to subpoena two witnesses, Steve Cone and Miss Burk. Respondent's counsel represented that the witnesses testimony would be "relevant and material" to the defense. The motion was denied.

The following pertinent evidence was adduced at the hearing.

*Dorothy Lewis for the State*

She is a 23-year-old teacher at John Hope Middle School. About 11:30 a.m. on February 28, 1975, she was supervising a group of students near the gymnasium when she was twice hit on the back of her head by small objects which felt like spitballs. When she was hit by a pencil, she turned and faced the students. Respondent, who was standing on her right, looked out the window and then at the ceiling. Before she said anything, respondent said "I didn't do anything. I didn't throw anything." When she inquired who did, respondent disavowed any knowledge in a loud voice and used profanities. She was concerned that the students would instigate some trouble if she continued the conversation in their presence, and so she told respondent to come to a conference room to talk about the incident. However, instead of proceeding to the conference room respondent went to her classroom. She went to the classroom and again requested that respondent accompany her to the conference room, but respondent refused. She told respondent that she would not suspend her or send her downstairs to the school's disciplinarians. Mr. Cone, respondent's teacher, persuaded her to go to the conference room. Cone and two aides were present in the conference room. After respondent entered the conference room she asked respondent to come to her desk to talk, but respondent refused. She went over to respondent with her hand outstretched in an attempt to persuade respondent to come to her desk. As she approached, respondent reached for her with her hands in a cupped position, palms facing away, as though respondent was trying to scratch her. She was afraid that respondent would attack her and grabbed both of respondent's wrists. A brief "tussle" ensued and they were separated by two other teachers.

On cross-examination, she stated she had talked with respondent's father when she was respondent's reading teacher. When they were separated, respondent was kicking and was trying to reach over the other teacher's back to hit her.

*Respondent Kathy Johnson on her own behalf*

There were about 50 children present as they left the gym. She was

about two feet behind Lewis. The students were throwing paper at Lewis. She told them to stop throwing these things at her teacher. When Lewis turned, she denied throwing anything. Lewis started "poking" her in the stomach. Respondent pushed her hand away and asked to leave, but Lewis again pushed respondent's stomach. Lewis followed her to the classroom and said "now talk your bad stuff" and acted like a student. After she, Lewis and Cone had gone to the conference room, she refused to go to Lewis's desk. Lewis then came over to respondent, grabbed her clothes, called her a vulgar name, and slapped her in the face and on the head. They then began to hit each other until they were separated by other teachers including Messrs. Cone, Andis and Evans.

OPINION

■■ Respondent contends the trial court abused its discretion by denying her motion for a continuance. Motions for a continuance are left to the discretion of the trial court and must be considered in light of the diligence shown by the movant. (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(e); *People v. Ward* (1976), 37 Ill. App. 3d 960, 963, 347 N.E.2d 381.) A reviewing court will not interfere with the trial court's denial of a request for a continuance unless there exists an abuse of discretion. (*People v. Summers* (1973), 12 Ill. App. 3d 893, 299 N.E.2d 462.) In determining whether a defendant-movant has exercised the required diligence, the court must consider defendant's duty to make a reasonable attempt to secure witnesses. *People v. Hudson* (1968), 97 Ill. App. 2d 362, 240 N.E.2d 156, *cert. denied*, 394 U.S. 1005, 22 L. Ed. 2d 783, 89 S. Ct. 1603.

■■ A review of the record discloses that respondent and counsel did not exhibit diligence in obtaining the presence of the witnesses. Respondent proffered no evidence to the trial court that she or her counsel had taken any action to secure the presence of the witnesses in the period between April 28 and June 4, 1975. It is clear from respondent's own testimony at the hearing that she knew the identity of these possible witnesses. Indeed, the basis for her father's rejection of the agreement between her counsel and the State on April 28 which would have placed respondent on supervision was that he could produce "proof and witnesses." We cannot say the trial court abused its discretion by refusing to grant the continuance when respondent failed to show even a minimal effort to secure these witnesses over one month later.

Moreover, in *People v. Kane* (1975), 31 Ill. App. 3d 500, 307, 333 N.E.2d 247, this court sustained the denial of a continuance to secure a witness. We noted, *inter alia*, that no offer of proof was made to the substance of the witness' testimony, no claim of prejudice was advanced, and no contention made that the witness was necessary for the defense. These

same factors are involved in the present case. Consequently, we conclude the trial court did not abuse its discretion in denying respondent's request for a continuance.

■■■ Respondent also contends the trial court erred by finding her guilty of aggravated assault beyond a reasonable doubt. A person commits aggravated assault when without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery and that other person is known to be a school teacher who is on school premises when the offense occurs. (Ill. Rev. Stat. 1973, ch. 38, pars. 12—1 and 12—2(a)(3).) The testimony of a single credible witness is sufficient to sustain a finding against the respondent even though the testimony is contradicted by the respondent. (*People v. Cato* (1972), 4 Ill. App. 3d 1093, 283 N.E.2d 259.) In the instant case Lewis's testimony was sufficient to show that she was under a reasonable apprehension of receiving a battery. (See *People v. Hasty* (1970), 127 Ill. App. 2d 330, 262 N.E.2d 292.) The incident occurred on school premises and respondent knew Lewis was a teacher by virtue of their former relationship in a reading class and Lewis's supervisory role on that day. The clear conflict between Lewis's and respondent's testimony resolved into a question of the credibility of the witnesses and was determined adversely to respondent by the trial court which observed the demeanor of both witnesses. (*In re Interest of Bryant* (1974), 18 Ill. App. 3d 887, 310 N.E.2d 713; *In re Interest of Whittenburg* (1973), 16 Ill. App. 3d 224, 305 N.E.2d 363.) After reviewing the record we cannot say the trial court erred in its finding that respondent committed the offense of aggravated assault beyond a reasonable doubt.

For these reasons the judgment of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.