*In re* NICHOLAS DEVER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* NICHOLAS DEVER, Respondent-Appellant.)

First District (4th Division)   No. 77-1956

Opinion filed October 5, 1978.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ann Callum, and Stephen D. Ferrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

The minor-respondent, Nicholas Dever, appeals from a judgment of the circuit court of Cook County, revoking his probation and committing him to the Department of Corrections, Juvenile Division. On appeal, respondent argues that the evidence was insufficient to show he violated probation and that the order of commitment erroneously set forth the basis for the revocation order.

The record shows that on June 18, 1975, respondent was found delinquent based on a charge of intimidation. (Ill. Rev. Stat. 1975, ch. 38, par. 12—6(a)(1).) He was placed on probation for a term of one year on condition that he cooperate with the Unified Delinquency Intervention Service. Several months thereafter, supplemental petitions charging possession of a controlled substance, theft of an automobile and criminal trespass to a vehicle were filed. (Ill. Rev. Stat. 1975, ch. 56½, par. 1402; ch. 38, pars. 16—1(a)(1) and 21—2.) A hearing was conducted on the latter two offenses which involved an automobile owned by Carlos Dirzo.

Through use of an interpreter Carlos Dirzo testified that about 8:30 p.m. on February 7, 1976, he and his family were attending a wrestling match in the Amphitheater after parking his vehicle in a nearby attended lot, and leaving the keys inside. He went to the lot about 3 hours later, but his car was gone.

Chicago Police Officer Michael Delacy testified that on February 8, 1976, at 1 a.m. he saw the Dirzo vehicle traveling at a high rate of speed. The car came near the police vehicle and made a turn before speeding away with the police in pursuit. The police halted the vehicle in a vacant lot. This officer knew respondent for a time prior to the incident, and he recognized respondent as the driver as the latter jumped from the stolen car. However, the officer lost sight of him during a foot pursuit which

apparently terminated near respondent's home where the officer saw respondent's father standing on the porch. Officer Delacy made no further investigation at this juncture.

On cross-examination the witness said that, as the squad car stopped 10 feet behind the stolen vehicle, respondent had already alighted and was entering a gangway about 12 feet from the police car. The officer could not recall what type of clothing respondent was wearing.

On examination by the court Officer Delacy stated that street lights were located about 30 feet from where respondent fled into the gangway.

Respondent presented no evidence to refute the charges. The trial court then found that the evidence was sufficient to warrant a revocation of probation based upon theft and criminal trespass to a vehicle.

Respondent contends that the evidence was insufficient to show his involvement in the incident. He maintains that Officer Delacy's identification was incredible and unconvincing because it was made under unfavorable conditions, and Delacy's failure to conduct a further investigation after seeing respondent's father detracted from his testimony.

Respondent relies on the fact that, when the police first encountered the stolen car, Delacy could not identify respondent although the vehicles were in close proximity. But it should be noted that apparently the stolen vehicle was moving at a high rate of speed thereby lessening the opportunity to obtain a proper view of the occupants.

■▌ In this case Officer Delacy had previously known respondent thereby enhancing the reliability of the identification. (*People v. Watkins* (1976), 44 Ill. App. 3d 73, 77, 357 N.E.2d 1376; *People v. Lumpkin* (1975), 28 Ill. App. 3d 710, 713, 329 N.E.2d 262.) The facts demonstrate Officer Delacy's ability to view respondent as he exited the stolen car. While the reasons for Officer Delacy's inaction to further the investigation after viewing respondent's father is not readily explainable from this record, it is clear that the matter presented only a question of the witness' credibility which will not be reversed unless manifestly erroneous. (*In re Daniels* (1976), 37 Ill. App. 3d 975, 979, 347 N.E.2d 479.) Based on the record it cannot be said that the acceptance of Officer Delacy's testimony was improper or that a preponderance of the evidence did not show respondent's violation of probation.

Respondent argues that the dispositional order committing him to the Department of Corrections after revocation of his probation must be amended. This order contains a handwritten notation reciting "theft [and] C.T.V. [criminal trespass to a vehicle]." An examination of the "half-sheet" reflecting the court's orders also shows that respondent was committed for these offenses. Respondent asserts that these offenses are not the basis for the revocation order and such notation was improper. He

therefore requests that the order be amended to reflect that the offense for which he was committed was intimidation.

We agree with respondent that the court may impose any disposition upon revocation of probation that might have been initially imposed. (Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6).) While the court's reasons for the commitment may be forwarded to the Department of Corrections (Ill. Rev. Stat. 1975, ch. 37, par. 705—10(3)), the dispositional order strongly suggests that respondent was committed based on offenses other than the offense upon which his probation was revoked. We therefore remand the cause to the circuit court to clarify the record to accurately reflect the basis for respondent's commitment.

Accordingly, the judgment of the circuit court revoking respondent's probation is affirmed, and the cause is remanded to issue a correct dispositional order.

Affirmed and remanded.

JOHNSON, P. J., and DIERINGER, J., concur.