*In re* LARRY SELF, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* LARRY SELF, Respondent-Appellant.)

First District (3rd Division)   No. 78-395

Opinion filed May 23, 1979.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Francis X. Speh, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The minor-respondent, Larry Self, was found to have violated his probation, and at a subsequent dispositional hearing which occurred after the period of probation expired, he was committed to the Department of Corrections. The issues for review are: (i) whether the court, having found prior to the expiration of respondent's probation period that he had violated his probation, had jurisdiction to commit respondent to the Department of Corrections for a violation of probation after the period of probation had expired; and (ii) whether the finding of probation violation tolled the period of probation so that respondent was still on probation when an additional finding of probation violation was made after the initial probationary period had expired, but prior to the dispositional hearing at which respondent was committed to the Department of Corrections.

A petition for the adjudication of wardship of the minor-respondent, age 14, was filed on September 24, 1975, alleging that he had committed theft. On December 2, 1975, respondent was placed on 10 months probation until October 2, 1976.

A supplemental petition was filed on February 5, 1976, but no action was taken on it. A second supplemental petition was filed on April 21, 1976, alleging in count 1 that respondent had committed petty theft and in counts 2 and 3 that he had committed burglary. On May 10, 1976, respondent entered an admission to count 2 of the second supplemental petition, and was found to be in violation of his probation. The matter was continued until October 26, 1976, and referred to the Unified Delinquency Intervention Service. Respondent did not appear on that date and a juvenile warrant was issued. The warrant was executed on November 22, 1976, and the cause was continued until January 17, 1977. Respondent failed to appear on that date and another juvenile warrant was issued. That warrant was quashed on January 26, 1977, when respondent appeared in court after having been arrested earlier that morning on burglary charges.

A third supplemental petition was filed on January 26, 1977, alleging in 5 counts that respondent had committed two acts of burglary on January 20, 1977, one act of burglary on January 21, 1977, and two acts of burglary on January 26, 1977. A hearing on two of the counts of the third

supplemental petition took place on February 14, 1977; prosecution evidence established that respondent had burglarized two Evanston businesses, Mustard's Last Stand and the Mail Bag, and the respondent was again found to be in violation of probation. The court then discovered that no disposition had been made with respect to the finding of violation of probation entered on May 10, 1976. After a hearing, the court committed respondent to the Department of Corrections based on the finding of probation violation entered on May 10, 1976. The record shows no disposition of the finding of violation of probation alleged in the third supplemental petition.

In his argument, respondent asserts that no dispositional hearing was held following his admission to allegations of the April 21, 1976, supplemental petition on May 10, 1976, when he was found to have violated his probation. The respondent apparently believed that he was committed to the Department of Corrections as a result of the offenses committed on January 26, 1977. The State also makes the same erroneous assumption. The record, however, reflects that the trial judge revoked the respondent's probation and committed him to the Department of Corrections on the basis of the May 10, 1976, finding of violation of probation rather than on any findings the court made in 1977. This procedure requires us to decide whether the trial court had jurisdiction to commit respondent to the Department of Corrections for the violation of probation found to have occurred prior to the expiration of probation despite the fact the period of probation had expired before the dispositional hearing took place on February 14, 1977. It also necessitates consideration of whether the finding of violation of probation on May 10, 1976, tolled the period of probation so that the second finding of violation of probation based on burglaries in January 1977 was properly entered.

I

■■ With respect to the first question, the statute does not specifically mandate that the dispositional hearing be held prior to the expiration of the probationary period. Section 5—3(6) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6)) provides:

> "After a hearing, the court may modify or enlarge the conditions of probation or of conditional discharge. If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation or conditional discharge, it may continue him on the existing disposition, with or without modifying or enlarging the conditions, or may revoke probation or conditional discharge and impose any other disposition that was available under Section 5—2 at the time of the initial disposition."

In *People v. Cato* (1972), 4 Ill. App. 3d 1093, 283 N.E.2d 259, the court held that the respondent has no right to an immediate dispositional hearing and found that a hearing 4½ months after the finding of delinquency was proper. In this case, the dispositional hearing was continued until October 26, 1976, which was 5½ months after the finding of probation violation. The hearing was then continued for disposition until February 14, 1977, because of respondent's failure to appear in court on two occasions. The 5½-month period of time after the finding of probation violation and before respondent absented himself was not unreasonable and respondent was not prejudiced thereby.

■■ It might be argued that if the original period of probation expires prior to the dispositional hearing, the court is without authority to revoke probation. However, section 5—3(6) expressly gives the court authority to impose any disposition that was available under section 5—2 once there is a finding of probation violation, and that section includes commitment to the Department of Corrections. Therefore, respondent could be committed to the Department of Corrections regardless of whether he was on probation at the time of the disposition.

Additionally, the Act supports the inference that a dispositional hearing could be held after the probationary period has expired. If this were not the case, a finding of violation of probation on one of the last days of the probationary period would require an immediate dispositional hearing, before the necessary reports could be assembled. This would place a restriction on juvenile proceedings clearly not intended by the legislature.

II

The second question is whether the finding of violation of probation tolls the running of the period of probation until the dispositional hearing. No language in section 5—3(6) explicitly provides for the tolling of the period, and the language of that statute leads to the interpretation that the period would not be tolled. Section 5—3(6) refers to a "period of probation" which suggests that it is a definite period which may not be expanded without a finding of probation violation and a dispositional hearing. (*In re Sneed* (1978), 72 Ill. 2d 326, 334-35, 381 N.E.2d 272.) Furthermore, the statute provides that the court "may continue [respondent] on the existing disposition, with or without modifying or enlarging the conditions * * *." Thus, if the period of probation were automatically extended until the dispositional hearing, the court could not, as a practical matter, continue respondent on the existing disposition.

■■■ The State contends that the court had statutory authority to extend the original probation under sections 5—2(3) and 5—11 of the Juvenile Court Act. (Ill. Rev. Stat. 1975, ch. 37, pars. 705—2(3) and 705—11.) As

we understand the provisions of these statutes, they do not permit the retroactive extension of probation to permit a minor to be retained on probation beyond his original probation period without having been notified of the extension. Consequently, respondent's probation expired on October 2, 1976, and he was not on probation in January 1977 when the two Evanston businesses were burglarized; he therefore could not have violated probation by his conduct in January 1977. For this reason the finding of probation violation based on the occurrences in January 1977 must be vacated.

## III

■■ It must be noted that the transcript shows the trial judge committed respondent to the Department of Corrections based on the belief that the May 10, 1976, violation of probation was for theft. However, the "half-sheet" indicates that respondent made an admission to count 2 of the three-count April 21, 1976, petition which was for burglary, rather than count 1 which was for theft. Therefore, the cause should be remanded to the circuit court to clarify the record to accurately reflect the basis for respondent's commitment. *In re Dever* (1978), 65 Ill. App. 3d 68, 70-71, 382 N.E.2d 427.

For these reasons, the commitment to the Department of Corrections entered on February 14, 1977, is affirmed, and the finding of violations of probation entered on the same date is vacated. The cause is remanded so that the record may be clarified to reflect the proper basis for respondent's commitment.

Affirmed in part, vacated in part and remanded with directions.

McNAMARA and McGILLICUDDY, JJ., concur.