286

*In re* DOUGLAS BARDIN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DOUGLAS BARDIN, Respondent-Appellant.)

First District (3rd Division)    No. 78-2065

Opinion filed September 12, 1979.

James J. Doherty, Public Defender, of Chicago (Zaven Peter Tokatlian and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

A petition for adjudication of wardship charged respondent, a minor, with committing aggravated battery. After an adjudicatory hearing, a finding of delinquency and an adjudication of wardship were entered against respondent. On September 1, 1977, after a dispositional hearing, respondent was committed to the Department of Corrections.

On appeal respondent contends that the trial court erred in permitting the State to amend the petition immediately prior to the adjudicatory hearing. Respondent also contends that the evidence

adduced at the hearing did not establish beyond a reasonable doubt that he committed aggravated battery.

We initially consider respondent's contention that prejudicial error occurred when the State was allowed to amend the petition just before the adjudicatory hearing.

The petition for adjudication of wardship charged that respondent, on February 29, 1976, committed an aggravated battery in that he had knowingly, intentionally, and without justification committed a battery on Sinnie Marshall by striking him on the head with a bottle, causing him great bodily harm. On April 4, 1976, respondent, through counsel, filed a denial to the charge. On November 18, 1976, as the adjudicatory hearing was about to begin, the State asked leave to amend the petition so that it would recite respondent had struck Marshall on the left shoulder with a bottle. Over defense counsel's objections, the trial judge found there was no showing of prejudice to respondent and allowed the State to amend the petition.

■■ Under the Juvenile Court Act, a minor is entitled to the same procedural rights as those of adults unless otherwise provided. (Ill. Rev. Stat. 1975, ch. 37, par. 701—2(3)(a).) Where a defendant is adequately informed of the gist of the offense and where no surprise or prejudice to defendant is demonstrated, granting of an amendment to a complaint is not error. (*People v. Coleman* (1971), 49 Ill. 2d 565, 276 N.E.2d 721.) We believe this court's holding in the case of *In re Whittenberg* (1973), 16 Ill. App. 3d 224, 305 N.E.2d 363, is dispositive of the issue in the present case. There, this court ruled that a petition for adjudication of wardship was sufficient if it contained the language that the minor committed a battery on a named person. Thus, the allegations of the present petition with respect to the victim's wounds and the location of the blow were not essential and certainly could be amended before the hearing. Respondent had been informed of the gist of the offense. The trial court properly permitted the petition for adjudication of wardship to be amended.

Respondent also contends that he was not proved guilty beyond a reasonable doubt of aggravated battery.

Sinnie Marshall, a Chicago Transit Authority motorman, testified that on February 29, 1976, at about 12:15 a.m., he was in a C.T.A. terminal talking on the telephone to his wife. He was in his C.T.A. uniform. Marshall saw two boys enter the terminal, and observed respondent proceed through the turnstyle. Respondent's companion walked over and asked Marshall for a quarter. When Marshall said he did not have a quarter, the boy started to walk away but turned suddenly and struck Marshall on the head with a bottle. Marshall dropped the telephone and chased the boy. Just as Marshall caught the boy, respondent reached across the turnstyle and struck Marshall on the shoulder with a bottle. The

trio scuffled briefly. Marshall gave up and ran back to the telephone to tell his wife he had been struck. Another C.T.A. employee and Marshall unsuccessfully attempted to capture the two boys. Marshall then gave descriptions of the boys to a C.T.A. security officer, and was taken to the hospital where he received stitches on his head.

Marshall did not tell the C.T.A. officer he was hit on the shoulder because he was primarily concerned about the injury to his head. Marshall testified that he did not speak harshly to the boys, nor did he strike them. Marshall did not know whether respondent had seen his companion hit him with the bottle. On cross-examination, Marshall explained the need for the amendment in the petition. He was not confused about when he was hit or by whom. However, he had not seen the two boys since the night of the incident and did not know which one had been arrested. Until the date of the hearing, Marshall assumed the boy who struck him on the head had been arrested.

Officer George Munyer of the C.T.A. security police testified that upon his arrival at the terminal he obtained descriptions of the boys from Marshall. Marshall told Munyer that two boys had struck him. Accompanied by the C.T.A. employee who had helped Marshall chase the boys, Munyer drove around the neighborhood. Shortly thereafter, Munyer noticed respondent walking and stopped the vehicle when the C.T.A. employee identified respondent as one of the offenders. When Munyer ordered respondent to halt, respondent spontaneously stated that Marshall had "started it". Respondent told Munyer that Marshall would not give them a quarter and they struck him with a pop bottle. Munyer also testified that Marshall had not mentioned the quarter to him.

Respondent testified that he was proceeding through the turnstyle when he saw his friend walking away from Marshall. His friend swore at Marshall, and Marshall slammed down the telephone and began punching his friend in the face and head. In an attempt to assist his friend, respondent took a bottle out of his pocket, swung it at Marshall, but missed. Respondent's friend then struck Marshall on the head with a bottle. Respondent testified that when he was arrested, he never said anything to the C.T.A. officer about a quarter. Respondent stated he was 16 years old.

■■■ The testimony of a single credible witness is sufficient to support a finding of delinquency, and the trial court's determination will not be lightly set aside. (*People v. Cato* (1972), 4 Ill. App. 3d 1093, 283 N.E.2d 259.) In the present case, the credibility of the witnesses was at issue. The victim's testimony identifying respondent as one of his assailants was positive and credible. And, according to the victim, respondent acted without provocation. Moreover, the victim's testimony was corroborated by that of the C.T.A. police officer. The latter testified that respondent

admitted that both his friend and he struck the victim because he refused to give them a quarter. The evidence was sufficient to prove beyond a reasonable doubt that respondent committed the offense of aggravated battery and to support the finding of delinquency. See *In re Urbasek* (1967), 38 Ill. 2d 535, 232 N.E.2d 716.

For the reasons stated, the judgment of the circuit court of Cook County, Juvenile Division, is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.