THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL CURTIS, Defendant-Appellant.

Second District   No. 85—0260

Opinion filed March 20, 1986.

G. Joseph Weller, and Marguerite S. Klimkowski, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (William L. Browers and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

On March 21, 1985, after a jury trial in the circuit court of Winnebago County, defendant, Daniel Curtis, was found guilty of armed robbery and sentenced to 10 years' incarceration. On appeal defendant argues: (1) that the trial court erred in admitting extensive evidence of other crimes; (2) that the State's discovery violations require a new trial; and (3) that the trial court abused its discretion in denying this motion for a continuance.

Defendant was charged by separate informations with the November 21 and November 23, 1984, armed robberies of Paul Villa, the clerk of a Rockford adult bookstore. Prior to trial on the November 21, 1984, robbery, the trial court denied defendant's motion *in limine*

which requested that no evidence of the November 23, 1984, robbery be admitted. The cause proceeded to trial on February 19 and 20, 1985.

At trial Villa testified that he was working at the bookstore on the morning of November 21, 1984, and that he usually opened the store at 9 a.m. At 9:08 that morning a man wearing a black stocking mask and a green army fatigue jacket entered the bookstore, displayed a gun and ordered him to get the money out of the register. The gun was a black revolver with a short barrel, and the stocking mask had two eye holes and one nose hole. Villa instantly recognized the man's voice as that of a man who had been in the bookstore about 15 times before. Villa placed approximately $70 in a small white plastic bag with red lettering that the man was carrying.

Villa further testified that two days later, on November 23, 1984, a man using an identical stocking mask, gun and plastic bag entered the bookstore at about 9 a.m. and robbed him. During this second robbery the man took money as well as 13 video cassettes. Villa again recognized the man's voice. One week after the second robbery, on November 30, 1984, Villa picked defendant's picture out of a photo lineup as the man whose voice he had recognized during both robberies. Villa also identified several recovered video cassettes as having been taken during the second robbery.

Detective Roland Donnelli of the Rockford police department testified that he recovered from Noel Haye several of the video cassettes taken in the second robbery. Haye, a friend of defendant, testified that he got the video cassettes, from defendant who asked him to try to sell them. On cross-examination, however, Haye also stated that he saw defendant purchase several pornographic video cassettes from Jimmy Chadwick at 8:30 p.m. on the night of the second robbery. The State then impeached Haye with his prior statement to Detective Donnelli where he stated he did not know where defendant had gotten the video cassettes. Chadwick later testified that he did not sell defendant any video cassettes.

After the State rested, defendant presented an alibi defense which included the testimony of himself, Gladys Curtis (his mother), Randall Curtis (his brother), and Mona Knight (his girl friend). Defendant then made a motion for a continuance in order to secure the attendance of an alleged material witness, L. B. Clark. The court denied defendant's motion. At 8:40 p.m. on February 20, 1985, the jury returned a verdict of guilty on the November 21, 1984, armed robbery.

## I

Defendant's first argument is that the trial court erred in allowing the State to introduce extensive testimony and physical evidence on the second robbery. The State responds that the evidence was properly admitted to show *modus operandi* and identity.

■■ ■ Generally, evidence of other crimes is inadmissible if relevant merely to establish the defendant's propensity to commit crime. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 182, *cert. denied* (1983), 464 U.S. 844, 78 L. Ed. 2d 136, 104 S. Ct. 145.) Evidence of the commission of other crimes is admissible, however, when such evidence is relevant to prove *modus operandi,* intent, identity, motive, absence of mistake, or for any other purpose other than to show defendant's propensity to commit crime. (96 Ill. 2d 176, 182.) If admissible, the trial court should carefully limit the evidence of the other crime to that evidence which is relevant to the issues on which the other crime evidence is admitted. *People v. Bartall* (1983), 98 Ill. 2d 294, 315.

In the present case the State presented detailed evidence on the second robbery which included: (1) that the offender used a black stocking mask with two eye holes and one nose hole, a black snubnosed revolver, and a small white plastic bag with red lettering and handles; (2) that the robbery occurred shortly after 9 a.m.; (3) that the victim identified defendant as the offender by his voice; (4) that defendant gave Noel Haye several of the stolen video tapes the week after the robbery; (5) that Jimmy Chadwick did not sell Haye the stolen tapes. We find these details of the second robbery were properly admitted to show the similar *modus operandi* between the two robberies and that defendant committed the second robbery. From this evidence and the victim's voice identification of the offender in the first robbery, the jury could find that defendant committed the first robbery.

■■ Defendant argues that under *People v. Butler* (1975), 31 Ill. App. 3d 78, it was improper to admit these details of the second robbery. In *Butler,* however, the details of the other crime elicited from the witness were clearly unrelated to the crime for which defendant was being tried and were unnecessary for the purpose for which they were offered, to establish identity. Here the details of the second robbery were the very basis for the showing that there was a second occurrence with the same *modus operandi* committed by defendant. *Butler,* which did not involve showing similar *modus operandi,* does not support defendant in this case. See *People v. Moore* (1978), 61 Ill. App. 3d 694.

## II

Defendant's second argument is that the State's failure to disclose one of its witnesses and his prior criminal record requires a new trial. During trial the State called Noel Haye to testify that, during the week following the robberies, defendant gave him several of the video cassettes stolen during the second robbery. On cross-examination, however, Haye testified that he saw defendant buy these video cassettes from Jimmy Chadwick on the night of the robberies. The State then impeached Haye with his prior statement that he had no knowledge of where defendant had gotten the video cassettes. The State also called Jimmy Chadwick to testify that he did not sell defendant any video cassettes. The State had not previously listed Chadwick as a prosecution witness in its discovery disclosures.

■ Supreme Court Rule 412 (87 Ill. 2d R. 412) creates an affirmative continuing duty on the State to disclose its intended witnesses and their criminal records to the accused. This duty includes disclosing rebuttal witnesses once the State has formed the intent to call a witness. (*People v. Hanna* (1983), 120 Ill. App. 3d 602.) The State argues in the present case that Chadwick was a rebuttal witness and that it did not form the intent to call him until it was surprised by Haye testifying "inconsistently with his direct testimony."

■ We note initially that Chadwick was not a rebuttal witness. Chadwick testified during the State's case in chief, prior to defendant offering any evidence other than cross-examining the State's witnesses. Further, on cross-examination, Haye testified contrary to his prior statement, not contrary to his direct testimony where he was not asked if he knew where defendant had gotten the video cassettes. His testimony could not have surprised the prosecutor, who admitted that Haye had told him a week before trial that he was changing his story and would now say that defendant had gotten the video cassettes from Chadwick. Under these circumstances, we think it is evident that the State formed its intent to call Chadwick before trial and that its failure to disclose Chadwick as a prosecution witness was a violation of the discovery rules.

■ ■ Having found a discovery violation on the part of the State, the inquiry turns to whether defendant was prejudiced by the violation. (*People v. Stokes* (1984), 121 Ill. App. 3d 72, 75.) The burden of showing prejudice is on the defendant. (*People v. Steel* (1972), 52 Ill. 2d 442, 450.) In the present case, defense counsel interviewed Chadwick on this matter before trial, and, therefore, we find that defendant was not prejudiced by the State's failure to disclose Chadwick as a witness prior to trial. We also find that defendant has

waived his argument that he was prejudiced by the State's failure to disclose Chadwick's 1972 robbery conviction.

■■ Exclusion of evidence is a last resort, required only where a recess or a continuance would be ineffective. (*People v. Nelson* (1980), 92 Ill. App. 3d 35, 45, *cert. denied* (1981), 454 U.S. 900, 70 L. Ed. 2d 217, 102 S. Ct. 404.) Generally, the failure to seek a continuance waives a claim of error based upon a discovery violation (92 Ill. App. 3d 35, 45.) By failing to seek the lesser sanction of a continuance and insisting on the exclusion of the witness, defendant did not preserve his contention that he was prejudiced by the State's failure to disclose Chadwick's prior robbery conviction which could have been discovered during a continuance. 92 Ill. App. 3d 35, 45.

■■ Defendant has also waived this issue by failing to include in the record on appeal evidence that Chadwick's 1972 robbery conviction could be used for impeachment purposes. Rule 412 requires the disclosure of only those prior convictions which can be used for impeachment purposes in Illinois. (Ill. Ann. Stat., ch. 110A, par. 412, Committee Comments, at 608 (Smith-Hurd 1985).) Evidence of a conviction is not admissible for impeachment if a period of more than 10 years has elapsed since the date of the conviction or the witness' release from confinement, whichever is the later date. (*People v. Yost* (1980), 78 Ill. 2d 292; *People v. Montgomery* (1971), 47 Ill. 2d 510.) It was defendant's duty as appellant to include in the record on appeal that evidence essential to the disposition of the contention urged. (*Higgins v. Columbia Tool Steel Co.* (1979), 76 Ill. App. 3d 769, 776.) Defendant's failure to include any evidence in the record on appeal that Chadwick was released from confinement for the robbery within 10 years of his impeachment on February 20, 1985, precludes this court from addressing his argument.

### III

Defendant's last contention is that the trial court erred in denying his request for a continuance to locate L. B. Clark, a potential alibi witness.

■■ The granting or denying of a motion for continuance to procure a witness is within the discretion of the trial court. (Ill. Rev. Stat. 1983, ch. 38, par. 114—4(e).) The denial of such a motion is not an abuse of discretion if there is no reasonable expectation that the witness will be available in the foreseeable future. (*People v. Roberts* (1985), 133 Ill. App. 3d 731, 735; *People v. Tyler* (1975), 28 Ill. App. 3d 538, 539-40.) In the present case the record shows that defendant issued a subpoena on February 12, 1985, but that the Winnebago

County sheriff's office had been unsuccessful in serving the subpoena on Clark as of February 19, 1985, the date Clark was to appear. Detective Donnelli stated that he spoke with Clark on February 7, 1985, and that Clark told him he did not want to get involved or testify at defendant's trial. Further, defense counsel stated that he had been informed that Clark's live-in girlfriend had not seen him for several days and that his efforts to locate Clark had been unsuccessful. This evidence indicates that defendant had no reasonable expectation of locating Clark in the foreseeable future.

For the reasons stated herein, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.