THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE LEE MAYS, Defendant-Appellant.

Third District   No. 3—92—0447

Opinion filed January 7, 1993.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Willie Lee Mays, was convicted of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2). He was subsequently sentenced to 10 years' imprisonment. He appeals.

The record shows that the defendant robbed a gas station at knifepoint. The clerk, Corey Thomas, called the police and described the defendant. The police then followed footprints in the snow to a house. After a woman in the house gave them consent to search, they found the defendant in the attic.

The defendant initially denied the robbery to police. He later admitted he took money, but not by force. He stated that his friend,

Robert King, knew Corey Thomas. Through King, the three had agreed to stage the robbery. However, Thomas denied his involvement and King could not be located to testify.

At the sentencing hearing, the defendant moved for a continuance to find an alleged witness that would exculpate him of robbery. The court granted the motion. The defendant located Jackie Exantus and then filed a post-trial motion based on Exantus' affidavit. The affidavit stated in part:

"3. That Robert King said Willie Lee Mays never used a knife in this incident.

4. That Robert King said that Corey Thomas was supposed to give Willie the money and make it look like a robbery."

Exantus failed to appear in court after being subpoenaed. The defendant then moved for a continuance to find Exantus. The prosecution argued against the motion, claiming that Exantus' testimony would constitute inadmissible hearsay. The court agreed with the prosecution but granted the motion. The court stated that the reason for the continuance was not to give the defendant an opportunity to bring Exantus into court, but to give the defense an opportunity to bring in King.

Defense counsel failed to locate King. However, he learned of potential evidence that Thomas was arrested for stealing at the gas station. Based on these two factors, the defendant moved for another continuance. The court, in denying the motion, found that it was unlikely King could be located, and also cited lack of due diligence in obtaining the evidence regarding Thomas.

The defendant first argues on appeal that the trial court erred by advising counsel that Exantus' testimony was inadmissible absent the testimony of King. The defendant contends the trial court also erred when it suggested that defense counsel find King and not Exantus. The defendant alleges that the unknown testimony of Exantus might be admissible and might be newly discovered evidence which might change the outcome of the trial.

The defendant argues that Exantus' testimony might be admissible under *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038. Under *Chambers*, a third party's admission against penal interest is admissible as an exception to the hearsay rule if the following factors apply: the statement was made spontaneously to close acquaintances shortly after the crime; the statement was corroborated by other evidence; the statement was against the third party's interest; and the declarant was present in

court, under oath, and could have been cross-examined. In *People v. Bowel* (1986), 111 Ill. 2d 58, 488 N.E.2d 995, the Illinois Supreme Court rejected the contention that all four of the factors in *Chambers* must be met. It stated the factors "are to be regarded simply as indicia of trustworthiness and not as requirements of admissibility." 111 Ill. 2d at 67.

Nevertheless, even with Illinois' relaxed standard, Exantus' affidavit concerning King's statement was not a third-party admission against penal interest. In the affidavit, Exantus states that King told him the robbery was a setup. However, Exantus never stated that King admitted to being involved with the robbery. King's mere knowledge of the crime was not an admission to committing it.

We further note that the trial judge only encouraged defense counsel to try to find King instead of Exantus because of what he saw as a potential hearsay problem. The judge never found Exantus' testimony irrelevant and inadmissible. Moreover, there is no case law to support the unique proposition that a trial judge's advice as to which witness to call is reversible error.

Because we have found that Exantus' testimony would have constituted inadmissible hearsay, we do not reach the issue of whether Exantus' testimony was newly discovered evidence and whether it would have changed the outcome of the trial.

The defendant next argues that the trial court erred in denying the defendant's motion for a continuance to secure witnesses to testify in support of his post-trial motion. We disagree.

The granting of a continuance is a discretionary matter, and a trial judge's decision will only be reversed if he abused his discretion. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) The denial of a continuance is not an abuse of discretion when there is no reasonable expectation that the witness will be available in the foreseeable future (*People v. Curtis* (1986), 141 Ill. App. 3d 827, 491 N.E.2d 134), or when the missing witness' testimony is merely cumulative (*People v. Eure* (1986), 140 Ill. App. 3d 387, 488 N.E.2d 1267).

In the instant case, the trial judge gave three reasons for denying the motion for a continuance. First, he found that the new evidence that Thomas was fired for theft could have been found previously with due diligence. Second, defense counsel had tried before to locate King. The fact that King's sister's address had become known did not make it likely King could be found. Finally, the trial judge noted that the hearing had already been continued sev-

984

eral times, and there was no indication that King's testimony was even of value.

Based on our review of the record, we agree with the trial court's findings. We therefore hold that the denial of the motion for a continuance was not an abuse of discretion.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY, P.J., and SLATER, J., concur.